SCOTTISH COMMERCIAL INSURANCE COMPANY *vs.* O. B. PLUMMER & another.

Cumberland.    Opinion February 11, 1880.

*Bond.  Lex loci.  R. S., c. 49, § 50.  License.  Agency.  Presumption.*

In an action upon a bond, wherein is the stipulation that "it is to be construed as to the liabilities of the obligor thereunder in the same manner, to all intents and purposes, as if it had been made in the state of New York," when no points in which the laws of said state are shown to differ from those of Maine in regard to the legal effect of the bond, its construction will be determined with reference to the laws of this state.

Under R. S., c. 49, § 50, the requirement of an annual license does not reduce the agency to an annual tenure. A new appointment is not required at the expiration of the license; in order to renew the license, a certificate that the agency still continues is all that in this respect is necessary.

The period of the obligor's liability not being limited by the terms of the bond, otherwise than by the duration of the agency, nor by anything in the nature of the position held by the agent, and the default therein having occurred within the time during which he was the duly appointed agent of the plaintiffs, they, *prima facie,* have a right to resort to this remedy upon the bond.

When the agreed statement is silent about the license required by R. S., c. 49, § 49, the court will not presume that either the insurance company or the agent acted without one.

Nothing appearing to the contrary, the presumption is in favor of the legality of contracts, and the legal action of the contracting parties.

ON FACTS AGREED.

Action of debt on bond given by defendants as follows :

"Know all men by these presents, that we, O. B. Plummer and M. P. C. Withers, of Bangor, Maine, are held and firmly bound unto the Scottish Commercial Insurance company of Glasgow, Scotland, in the sum of one thousand dollars lawful money of the United States of America, to be paid to the said the Scottish Commercial Insurance company, for which payment well and truly to be made we bind our heirs, executors and administrators firmly by these presents. Sealed with our seals, dated at Bangor the 10th day of August, one thousand eight hundred and seventy-four. The condition of this obligation is such, that if the above bounden O. B. Plummer shall faithfully perform his duties as agent of the said the Scottish Commercial Insurance company for Bangor, Maine, and shall duly and punctually pay over to the said the Scottish Commercial Insurance company, or its managers in New York, the premiums and moneys collected by him for insurance of risks taken by the said the Scottish Commercial Insurance company, then the above obligation to be void, otherwise to remain in full force and virtue. It being understood and this obligation is received by the said company upon the express condition that it is to be construed as to the liabilities of the obligor thereunder in the same manner to all intents and purposes as if it had been made in the state of New York."

The writ is dated December 17, 1878. Plea, *non est factum,* with brief statement that defendants have well and truly kept and performed everything in the condition of said supposed writing obligatory mentioned on their part to be performed and kept, according to the legal effect and intention of said condition.

It was agreed that said bond was duly executed by the defendants and delivered to the plaintiff company at the time of the date thereof.

That at the time of such execution and delivery the defendant Plummer was a duly appointed agent of the plaintiff company and so continued until September 5, 1877, but was never appointed or re-appointed as such agent on or after August 10, 1875.

That after the giving of said bond, and before the first day of

August, 1877, but after August 10th, 1876, said defendant Plummer as such agent collected premiums and moneys belonging to said company to the amount of $180.38, which he has not paid to said company, although demand was made therefor on September 5, 1877.

Upon these facts the law court is to render judgment according to law.

*S. C. Andrews & A. F. Moulton,* for the plaintiffs.

*A. Sanborn,* for the defendants, contended, I. That the plaintiff company is a foreign insurance company, and are prohibited from transacting insurance business in this state without license therefor from the insurance commissioner, and that the case shows no such license. R. S., c. 49, § 49.

That the bond, being given for the transaction of insurance business in Maine, and in contravention of this statute, was void.

II. The case does not find that Plummer was licensed to act as such agent; and without such license, his acts as such agent were not only forbidden by law, but made a criminal offense. R. S., c. 50, § 49.

His license for 1874 expired on the last day of June, 1875, by statute limitation. He then ceased to be agent; there is no pretense that if he had been licensed for 1874 his license was renewed, that he got a new license for 1875, or any subsequent year. The bond was dated August 15, 1874, and given under the license of 1874, and necessarily expired with the license. Counsel referred to R. S., c. 3, § 10 ; c. 86, § 43 ; c. 80, § 1. In all these cases the bond ceases when the bond ends.

III. The alleged breach of the bond did not occur till after August 10, 1876, and however his liability to plaintiff for money so collected in another form of action, he cannot be held liable in this action on the bond, because the bond had previously expired.

IV. The agreed statement of facts do not show what the laws of New York are, or that they differ from those of this state. The bond being made in this state must be construed by the laws thereof.

SYMONDS, J. The bond, dated August 10, 1874, on which this

action of debt is brought, was given by the defendants for the fidelity of one of them as the plaintiffs' agent, and for the prompt payment by him of all premiums and other moneys collected by him for insurance.

It contains a stipulation that the laws of New York are to control in determining the liabilities of the obligors, as if the bond had been made in that state. This stipulation, however, ceases to be of any practical value in deciding the case, from the fact that in the agreed statement on which it is submitted no points of difference are shown between the laws of Maine and of New York as to the legal effect of such an obligation. In its construction, therefore, the court must proceed according to the laws of this state, of which judicial notice is taken. *McKenzie* v. *Wardwell*, 61 Maine, 136.

The period during which the appointment of the agent, and the liability of the obligors for his fidelity, should continue, was not stated in the bond. Such a position is not an office for which there is a stated term of service, nor is any legal limitation shown, at which the agency was to cease, or expire, without a new appointment. The bond, therefore, was for the faithfulness of the agent, while he should continue to act in that capacity, till he should resign, or his authority be revoked, or till some. act was done, or proceeding had, by which the obligors were relieved from further liability for his conduct. There is nothing to indicate that an annual appointment was expected or required.

The case shows that when the bond was delivered, the defendant, Plummer, was the duly appointed agent of the plaintiff company, and so continued till September 5, 1877. It does not state that he was ever re-appointed after giving the bond, but contains the negative statement that there was no appointment or re-appointment either on or after August 10, 1875.

Between August 10, 1876, and August 1, 1877, the agent collected moneys of the company amounting to $180.38, which were demanded of him on September 5, 1877, but have never been paid ; and for the payment of them the security of his bond is sought in this action.

The period of the defendants' liability not being limited by the

terms of the bond—otherwise than by the duration of the agency —nor by anything in the nature of the position held by the agent, and the default having occurred during the time within which he was the duly appointed agent of the company, it would seem the plaintiffs were in position to claim resort to their remedy upon the bond.

But it is against our laws—R. S., c. 49, §§ 49, 50—for a foreign insurance company to do business, or for a person to act as agent of such company, in this state, without procuring an annual license therefor; and the agreed statement shows nothing about a license for the company or for the agent.

The effect of this, it is claimed, is two-fold.

I. That the requirement of an annual license reduces the agency to an annual tenure and that the bond, therefore, by implication covers only the first year, and expires with it.

II. That if this limitation does not defeat the obligation as to the default in 1876 and 1877, still, as no license is shown, the bond appears to have been given for an illegal purpose, to secure the plaintiffs against loss in the transaction of an unlawful business; and that they, therefore, are without remedy upon it.

As to the first point, it is enough to say that, to obtain a new license under the statute, a new appointment of the agent is not necessary. When the annual license expires, in order to renew it, a certificate that the agency continues, not a new appointment, is required of the company. There can be nothing in this to limit the agency to one year.

The claim that, upon the agreed statement of facts, the court should hold the bond void for illegality proceeds upon a misapprehension as to where the burden of proof falls in that respect. It is for one who asserts the illegality of a contract, and would release himself from its obligation on that ground, to make the facts which support the claim appear in proof. Because the statement is silent on the subject, the court will not assume that either the company or the agent acted without license, and therefore illegally. Where nothing appears to the contrary, the presumption is in favor of the legality of contracts and the legal action of contracting parties. *Farnum* v. *Bartlett*, 52 Maine, 574.

Upon the agreed facts there is neither proof nor presumption that the business in which the agent was engaged was an illegal one, and nothing to deprive the plaintiffs of the security which they had taken against his default.

> *Judgment for plaintiffs. Execution to issue for $180.38, and interest from September 5, 1877.*

APPLETON, C. J., WALTON, PETERS and LIBBEY, JJ., concurred.